IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM S. RADEK,

                Plaintiff,

   v.

SCOTT PARKS, SANDRA LA DU, ASPIRUS
SPECIALISTS, INC., DENISE E. BOEHM,
and CORAL LYNN HUFNAGEL,

                Defendants,                              ORDER

   and                                                                           21-cv-520-jdp

DENISE E. BOEHM,

                Third-Party Plaintiff,

   v.

JAY KAY MEDICAL STAFFING, INC.,

                Third-Party Defendant.

---

      Plaintiff Adam S. Radek brought this lawsuit contending that medical staff at the Marathon County Jail, including defendant nurse Denise E. Boehm, failed to provide him adequate treatment for a gunshot wound. I granted the four sets of defendants' motions for summary judgment and dismissed the case. Dkt. 90. This order concerns Boehm's motion for relief from judgment.

      Boehm filed a third-party complaint seeking contribution or indemnification against Jay Kay Medical Staffing, Inc., the company that Boehm alleges employed her as part of its efforts to provide staffing for the county's healthcare contractor. Dkt. 25. Jay Kay waived service but then did not file an answer or otherwise respond to Boehm's third-party complaint. The clerk of court entered default against Jay Kay. Dkt. 34. When I granted defendants'

motions for summary judgment, I also dismissed Boehm's claims against Jay Kay as moot. Dkt. 90, at 11.

Now Boehm has filed a motion or relief from judgment under Federal Rule of Civil P:rocedure 60(b)(1), arguing that I erred in dismissing her third-party claims against Jay Kay and that she is entitled to default judgment to recover the attorney fees and costs she incurred in defending the case herself. Dkt. 94.

Failure to appropriately enter default judgment would be a valid reason for relief from the judgment. But Boehm's current filings do not convince me that she is entitled to default judgment. Determining whether to grant default judgment is within the court's discretion. *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 250 (7th Cir. 1990). When a defendant has defaulted, the court must accept all the allegations in the plaintiff's complaint as true, except the allegations related to damages. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Medical Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020). But this does not mean that a default establishes liability for any legal theory asserted in the complaint. *See* 10A Fed. Prac. & Proc. Civ. § 2688.1 (4th ed.). "Even after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id.*; *see also United States v. Summit, Inc.*, No. 19-cv-250, 2022 WL 2195443, at *8–9 (N.D. Ind. 2022) (collecting cases from several circuits, including the Seventh Circuit).

Boehm's third-party complaint does not enumerate specific causes of action. In her motion, Boehm states that she would not have incurred attorney fees and costs "had Jay Kay provided a defense pursuant to their legal and contractual duties." Dkt. 94, at 2. But in the third-party complaint itself, Boehm does not allege that she and Jay Kay entered into a contract

requiring Jay Kay to defend or indemnify her or that Jay Kay purchased insurance with such requirements. Instead, Boehm alleges that Jay Kay negligently failed to buy insurance coverage for Boehm's medical services.

This leaves it unclear what legal theory Boehm means to rely on for default judgment against Jay Kay. If she relies on a contractual theory, she has not adequately pleaded it. If she means to contend that Jay Kay was negligent in failing to provide insurance coverage, she has not explained what legal authority supports her position that an employer owes a duty to its employees to purchase liability insurance with a duty to defend. I will give Boehm a short time to submit a formal motion for default judgment clarifying the cause of action for which she seeks judgment and explaining how her factual allegations support that claim. If Boehm's motion for default judgment establishes that she states a cognizable claim for relief against Jay Kay, we will proceed to a hearing on default judgment and I will amend the judgment as necessary.

## ORDER

IT IS ORDERED that third-party plaintiff Denise E. Boehm may have until June 15, 2023, to submit a motion for default judgment.

Entered June 2, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge